between the allegations of the complaint and the evidence (*Burroughs v. Mefford,* 387 Ill. 461; *Gregory v. Gregory,* 323 Ill. 380; *Ballard v. Trainor,* 285 Ill. App. 509), and in view of the fact that plaintiff apparently had determined not to rescind, a judgment based upon the cost of reconditioning the wagons cannot be sustained, particularly in absence of any evidence of the difference in value between the value of the property at time of sale and what it would have been had the property been as warranted (*Wheelock v. Berkeley,* 138 Ill. 153; *Moore Furniture Co. v. Sloane,* 166 Ill. 457; Ill. Rev. Stat. 1949, ch. 121½, par. 69, subpar. (7) [Jones Ill. Stats. Ann. 121.73, subpar. (7)]). It is, therefore, our conclusion that the judgment of the circuit court of Richland county cannot be sustained as against either defendant.

The judgment of the circuit court of Richland county is, accordingly, reversed and judgment is entered in this court in favor of the defendants.

*Reversed, and judgment entered here.*

SCHEINEMAN, P. J., and BARDENS, J., concur.

Frances Poteraske, Appellee, v. Illinois Meat Company, and A. J. Sobbe, Appellants.

Gen. No. 45,213.

 

 

Earl K. Schiek, for appellants; Morgan & Lanoff, for appellee; Samuel M. Lanoff and W. Kier Johnson, of counsel. Opinion by JUSTICE KILEY. Not to be published in full. Opinion filed January 31, 1951; rehearing opinion denied March 27, 1951; released for publication March 27, 1951.

## George M. Donnelly, Appellee, v. Pennsylvania Railroad Company, Appellant.

### Gen. No. 45,141.

